**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ELROY WILLIAMS,** )<br>)<br>**Plaintiff,** )<br>)    **Civil Action No. 2015-0053**<br>**v.** )<br>)<br>**THOMAS ALKON,** )<br>)<br>**Defendant.** )<br>_____ ) | |

**ORDER DISMISSING CASE**

THIS MATTER comes before the Court on the Order, filed on April 11, 2016, which directed Plaintiff Elroy Williams, appearing *pro se*, to refile his Complaint on standard civil forms used by the Court by May 2, 2016, or his case would be dismissed. (Dkt. No. 4). Williams has not met that filing deadline. Consequently, the Court will dismiss this action.

The April 2016 Order, referenced above, was precipitated by the filing of a Complaint on August 10, 2015 by Williams. (Dkt. No. 1). The Complaint and attached exhibits totaled sixty-nine pages, and consisted of numerous medical and other documents, many of which bore hand-written notations, without any narrative explaining the meaning of the documents. *Id.* In response to the filing of the Complaint, the Magistrate Judge of this Court, the Honorable George W. Cannon, Jr., issued an Order on December 11, 2015, instructing the Clerk's Office to provide Williams with copies of the District Court's general complaint form, civil cover sheet, summons, and motion to proceed *in forma pauperis*. (Dkt. No. 2). The December 2015 Order directed Williams to complete and submit to the Court by January 15, 2016 an amended complaint using the complaint form, accompanied by the $400.00 filing fee or motion to proceed *in forma pauperis*, and a completed civil cover sheet and summons, or the matter would be "dismissed without further notice to plaintiff." *Id.* The docket report indicates that the Clerk's Office mailed the packet to

Williams on December 11, 2016 via certified mail. (Dkt. No. 3).

Williams did not submit any documents by the January 15, 2016 deadline. On April 11, 2016, the Court issued another Order, providing Williams with "a final opportunity to comply with the requirements for initiating this action as set forth in the Court's December 11, 2015 Order." (Dkt. No. 4). The Court once again instructed the Clerk of Court to provide Williams with the necessary packet of documents to initiate an action. *Id.* The Order cautioned that "if Plaintiff fails to file an amended complaint, civil cover sheet, and summons(es), along with the motion to proceed *in forma pauperis* or the $400.00 filing fee by May 2, 2016, this matter will be dismissed." *Id.* A copy of the Order and additional documents were mailed to Williams on April 11, 2016 by certified mail, return receipt requested. (Dkt. No. 5). An undated return receipt, signed by Williams, was entered on the docket on April 25, 2016. (Dkt. No. 6).

Williams did not submit the documents by the May 2, 2016 deadline. Nor has he submitted any documents as of the May 18, 2016 date of this Order.[1]

A district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 793 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, "a district court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte* to use dismissal as a sanction." *Id.* at 793-94. However, an exception to this requirement applies here.

In *Jones*, the district court initially dismissed the complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a), and ordered the plaintiff to file an amended complaint or the

---

[1] On May 3, 2016, Williams telephoned the Clerk's Office of the District Court stating that he had mailed something, apparently in response to the Court Order. However, nothing has been received from Williams to date.

matter would be dismissed with prejudice. Jones failed to file an amended complaint; the district court dismissed the complaint with prejudice for want of prosecution; and Jones appealed.

The Third Circuit affirmed the district court's order. It observed that the complaint was "essentially undecipherable," and Jones' "initial filing provided no basis for the district court to proceed with his case nor for an opposing party to respond to his allegations." *Id.* at 793 n.1, 794. The Third Circuit found that, when "a litigant's conduct makes adjudication of the case impossible," balancing under *Poulis* is "unnecessary." *Id.* at 794,, *citing Guyer v. Beard,* 907 F.2d 1424, 1429-30 (3d Cir. 1990) (reviewing circumstances where courts may dismiss a complaint because plaintiff engaged in contumacious conduct by refusing to comply with court orders, and not analyzing dismissal under *Poulis*) and *Spain v. Gallegos,* 26 F.3d 439, 454-55 (3d Cir. 1994) (where plaintiff willfully refused to prosecute her remaining claim, Court observed that, "in contrast to situations in which a court must balance [*Poulis*] factors because the plaintiff does not desire to abandon her case but has encountered problems in going forward," continuing the matter would not have helped plaintiff, as she was not confronted with obstacles to prosecution of her claims, and holding that *sua sponte* dismissal was appropriate). In *Jones*, the Court pointed out that the plaintiff "failed to comply with an explicit order to make his allegations plain by filing an amended complaint," which "warranted the sanction of the district court's dismissal." *Jones,* 242 F. App'x at 794.

In this case as well, Williams' complaint is "essentially undecipherable" and provided no basis for the Court to proceed with the case or for the named defendant to respond. Moreover, Williams has failed to respond to two Orders (dated December 11, 2015 and April 11, 2016) requiring him to file—by certain deadlines—a complaint on the forms provided by the Court. For the foregoing reasons, the Court will dismiss the Complaint with prejudice.

Accordingly, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: May 18, 2016                                                _____/s/_____
                                                                                 WILMA A. LEWIS
                                                                                 Chief Judge